UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
NEW JERSEY BUILDING  :
LABORERS STATEWIDE :
BENEFIT FUNDS :
 :
   and : **(CLOSED)**
 :
TRUSTEES OF NEW JERSEY :
BUILDING LABORERS : CIVIL ACTION NO. 06-3729 (JCL)
STATEWIDE BENEFIT FUNDS, :
 : **OPINION**
   Petitioners, :
 :
   v. :
 :
BELL MILL CONSTRUCTION :
CO. INC. :
 :
   Respondent. :
_____:

**LIFLAND, District Judge**

Petitioners N.J. Building Laborers Statewide Benefit Funds ("Funds") and Trustees of N.J. Building Laborers Statewide Benefit Funds ("Trustees") (collectively, "Petitioners") filed this petition to confirm an arbitration award against Respondent Bell Mill Construction Co. Inc. ("Bell Mill"). For the reasons set forth herein, the arbitration award will be confirmed and final judgment will be entered.

The Trustees administer the Funds, which are trust funds and employee benefit plans within the meaning of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5), and Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. § 1002(1), (2), (3), and (37). (Pet. ¶ 3.) Bell Mill is party to a collective bargaining agreement that requires specified payments to the Funds to finance benefits for participants and beneficiaries. (Pet. ¶ 7; Ex. A.) Bell Mill is bound by and to the terms and provisions of the declarations of trust for the Funds by virtue of the fact that Bell Mill is obligated to remit contributions to the Funds. (Pet. ¶ 8; Ex. B.) The declarations of trust allow for the appointment and designation of arbitrators to render arbitration awards concerning delinquent contributions. (Pet. ¶ 9; Exs. A, B.) Accordingly, a dispute regarding Bell Mill's alleged delinquency in payments to the Funds was submitted to arbitration. (Pet. ¶ 10.) Bell Mill chose not to attend the arbitration hearing held on December 1, 2005. (Pet. Ex. C.) By Opinion and Award dated December 12, 2005, the arbitrator determined that Bell Mill owed $5,488.95 in delinquent payments, $302.63 in interest, $1,097.79 in liquidated damages, $1,272.51 in attorney's fees, and $800.00 in arbitration fees for a total of $8,961.88. (Pet. Ex. C.)

District courts have very little authority to upset arbitrators' awards. <u>United Transp. Union Local 1589 v. Suburban Transit Corp.</u>, 51 F.3d 376, 379 (3d Cir.

1995). The Federal Arbitration Act ("FAA") states that where the parties have agreed that judgment shall be entered pursuant to the decision of the arbitrator, the court must grant the order unless (1) "the award was procured by corruption, fraud, or undue means"; (2) there is "evident partiality or corruption" by the arbitrator; (3) the arbitrator was "guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy" or "any other misbehavior by which the rights of any party have been prejudiced"; or (4) the arbitrator exceeded his powers or failed to reach a "mutual, final, and definite award." 9 U.S.C. § 10. Accordingly, a district court may not vacate an arbitration award absent evidence that the arbitrator's decision was based on a manifest disregard of the law. See Local 863 Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am. v. Jersey Coast Egg Producers, Inc., 773 F.2d 530, 534 (3d Cir. 1985). The manifest disregard of the law doctrine is a "strict standard" in which a "reviewing court will decline to sustain an award only in the rarest case." Newark Morning Ledger Co. v. Newark Typographical Union, 797 F.2d 162, 165 (3d Cir. 1986).

Section 9 of the FAA authorizes district courts to confirm arbitration awards as final judgments of the court. The requirements for service of process for an application to confirm an arbitration award under the FAA state that:

> Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in the same court.

9 U.S.C. § 9. Here, the record indicates that copies of the Petition were mailed to Bell Mill by certified mail, return receipt requested, pursuant to Fed. R. Civ. P. 5(b). The Court is thus satisfied that Respondent was properly served with process in accordance with § 9 of the FAA.

The Court also finds that the Board's decision was duly entered. The written opinion reflects consideration of the evidence presented at the hearing in concluding that Bell Mill was delinquent in its payments to the Funds during the period covering June 22, 2005 through August 23, 2005. (Pet. Ex. C.) Bell Mill has not appeared to oppose confirmation of this award, and thus the general policy of upholding arbitration decisions supports confirming the award here. Because the Court finds the arbitrator's decision is supported by the record, the Court will confirm the arbitration award and enter judgment in favor of Petitioners.

/s/ John C. Lifland, U.S.D.J.

Dated: _____